IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrence J. Sillsbury, Jr., | ) | C/A No. 0:10-1674-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq.  The plaintiff, Terrence J. Sillsbury, Jr. ("Sillsbury"),[1] brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB").  Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

### ADMINISTRATIVE PROCEEDINGS

In January 2004, Sillsbury applied for DIB, alleging disability beginning April 5, 2003.[2] Sillsbury's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ").  A hearing was held on September 30, 2005, at which Sillsbury, who was represented by Eddie Pierre, Esquire, appeared and testified.  The ALJ, after hearing the testimony of a vocational expert, issued a decision denying benefits and concluding that

---

[1] The record in this case contains references to the Plaintiff as both "Sillsbury" and "Sillsburg."

[2] Sillsbury later amended his disability onset date to March 1, 2002.



Sillsbury was not disabled prior to the December 31, 2005 expiration of his insured status for

purposes of entitlement to DIB benefits.  (Tr. 275-84.)  On July 16, 2008, the Appeals Council

granted Sillsbury's request for review and remanded the case to the ALJ.  (Tr. 268-70.)  A second

hearing was held by video conference on January 20, 2009, during which Sillsbury testified and was

represented by Arlene Wilkinson, a non-attorney representative.   The ALJ, after hearing the

testimony of a vocational expert, issued a decision on July 15, 2009 again denying benefits and

concluding that Sillsbury was not disabled prior to the December 31, 2005 expiration of his insured

status for purposes of entitlement to DIB benefits.  (Tr. 19-29.)

Sillsbury was thirty-one years old on December 31, 2005, the date his insured status expired

for the purposes of entitlement to DIB.  (Tr. 56, 473.)  He has a high-school education and past

relevant work experience as a carpenter framer. (Tr. 63, 69.) Sillsbury alleges disability since March

1, 2002 due to depression, high blood pressure, carpal tunnel, leg and back problems, diabetes,

chronic insomnia, and acid reflux.  (Tr. 61-62.)

The ALJ found as follows:

1.      The claimant last met the insured status requirements of the Social Security
        Act on December 31, 2005.

2.      The claimant did not engage in substantial gainful activity during the period
        from his alleged onset date of March 1, 2002 through his date last insured of
        December 31, 2005 (20 CFR 404.1571 *et seq.*).

3.      Through the date last insured, the claimant had the following severe
        impairments:   diabetes mellitus, depression/anxiety, and carpal tunnel
        syndrome (20 CFR 404.1520(c)).

                                          *    *    *

4.      Through the date last insured, the claimant did not have an impairment
        or combination of impairments that met or medically equaled one of the listed



impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

\*    \*    \*

5.    After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to: sit for 6 hours of an 8-hour day; stand/walk for 2 hours of an 8-hour day; frequently lift/carry light items; occasionally lift 10 pounds; never climb or crawl[]: and perform no more than frequent fingering with his dominant (right) hand.  He would be further restricted to low-stress work, defined as work requiring only occasional decision making and changes in the work setting.

\*    \*    \*

6.    Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

\*    \*    \*

7.    The claimant was born on [REDACTED], 1974 and was 31 years old, which is defined as a younger individual age 18-44, on the date last insured (20 CFR 404.1563).

8.    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.    Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

\*    \*    \*

11.    The claimant was not under a disability, as defined in the Social Security Act, at any time from March 1, 2002, the alleged onset date, through December 31, 2005, the date last insured (20 CFR 404.1520(g)).

(Tr. 21-29.)

On May 6, 2010, the Appeals Council denied Sillsbury's request for review, making the

decision of the ALJ the final action of the Commissioner.  (Tr. 8-11.)  This action followed.

Page 3 of 9



## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)    whether the claimant is engaged in substantial gainful activity;

(2)    whether the claimant has a "severe" impairment;

(3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)    whether the claimant can perform his past relevant work; and

(5)    whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national

economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir.

1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050,

1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a

vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.

However, this review is limited to considering whether the Commissioner's findings "are supported

by substantial evidence and were reached through application of the correct legal standard."  Craig

v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829

F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's

decision is supported by substantial evidence and whether the correct law was applied.  See Myers

v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more

than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig, 76 F.3d

at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence,

make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Id.

Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold

it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## ISSUES

Sillsbury's *pro se* brief does not identify any specific issues for consideration in this action

for judicial review.  However, it appears that Sillsbury is alleging that the ALJ, during the January

20, 2009 hearing, erred in not allowing Sillsbury to testify about his "present ailments and

PJG

disabilities" that he alleges stem from his conditions in existence prior to his date last insured.  (Pl.'s

Br., ECF No. 24 at 3.)

## DISCUSSION

Pursuant to 42 U.S.C. § 423, Sillsbury must show that he was disabled prior to December

31, 2005, the date his insured status expired for purposes of entitlement to DIB benefits.  See

Johnson v. Barnhart, 434 F.3d 650, 655-56 (4th Cir. 2005) ("To qualify for DIB, [a claimant] must

prove that [he] became disabled prior to the expiration of [his] insured status."); see also 20 C.F.R.

§ 404.131.  Although the ALJ clearly considered the entirety of Sillsbury's medical evidence,

including medical assessments in November 2006, February 2008, and January 2009, he afforded

limited weight to evidence after Sillsbury's date last insured, stating that "[medical records] are less

relevant to [Sillsbury]'s claim for disability the more chronologically distant they are from

[Sillsbury]'s date last insured."  (Tr. 23, 27.)

As stated above, Sillsbury appears to allege that the ALJ erred in not allowing Sillsbury to

testify about his current conditions during the January 20, 2009 hearing.  A review of the transcript

reveals that the ALJ, at the onset of the hearing, made the following suggestion:

> "[O]ne thing we need to keep in mind is that this is a Title II claim only, . . . and the
> date last insured is the end of the year in '05.  So, consequently we have to focus Mr.
> Sillsburg's [*sic*] testimony in that time frame given that we're now, what over three
> years out from the [date last insured], his current condition becomes pretty much
> irrelevant."

(Tr. 510.)  Thus, the ALJ appears to have limited Sillsbury's testimony to the relevant time period.

Sillsbury has failed to demonstrate that this was error.

Similarly, to the extent Sillsbury argues that he has been denied due process, he has failed

to demonstrate that he was denied a full and fair hearing regarding his application for DIB.  See, e.g.,

PJG

Richardson v. Perales, 402 U.S. 389, 401-02 (1971); Martise v. Astrue, 641 F.3d 909, 921-23 (8th Cir. 2011); Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995).

Sillsbury has failed to point to any evidence that he suffered from any limitations or restrictions prior to his date last insured.  See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (indicating that a diagnosis is insufficient to establish disability as "[t]here must be a showing of a related functional loss").  Moreover, for the reasons discussed in the Commissioner's brief, Sillsbury has failed to demonstrate, or even allege, that the ALJ's opinion is unsupported by substantial evidence or otherwise controlled by an error of law.  (Def.'s Br. at 11-17, ECF No. 25 at 11-17); see Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Gross, 785 F.2d at 1166 (noting that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling" and indicating that a diagnosis is insufficient to establish disability as "[t]here must be a showing of a related functional loss").

PJG

## RECOMMENDATION

For the foregoing reasons, the court finds that Sillsbury has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517.  The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 27, 2011
Columbia, South Carolina.

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).